IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SAMUEL MORRIS OVERSTREET,

Petitioner,

v.  CIVIL ACTION NO. 5:07cv59
(Judge Stamp)

WARDEN JOYCE Francis, et al.,

Respondent.

## REPORT AND RECOMMENDATION

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On May 8, 2007, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the denial of Compassionate Release on two different matters, medical and actual innocence. On May 30, 2007, the petitioner tendered the $5.00 filing fee.

### I. BACKGROUND

On June 20, 2005, in the United States District Court for the Western District of Virginia, the petitioner entered a guilty plea to Possession of an Unregistered Silencer or Muffler in violation of 26 U.S.C. §§ 5861(d), 5841, 5845(a)(7), 5861(d) and 5871 and Possession of a Firearm after having been committed to a Mental Institution in violation of 18 U.S.C. § 922(g)(4). On July 18, 2005, the petitioner was sentenced to sixty-three months on each count, the same to run concurrently with each other, followed by thirty-six months of supervised release. On August 15, 2005, he was designated to FCI Gilmer in Glenville, West Virginia. The petitioner filed an appeal with the Fourth Circuit Court of Appeals contending that the sentence was excessive and the district court clearly

erred in making a two-level adjustment for obstruction of justice. After considering the issues raised by the petitioner, the Fourth Circuit found no merit in them and on July 18, 2006, affirmed the conviction and sentence imposed by the district court.(No. 05-4767). On October 11, 2006, the petitioner filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel, faulty indictment, the guilty plea was not voluntary and knowing, the search warrant was illegal, the sentence was illegal, prosecutorial misconduct, and actual innocence. On May 17, 2007, the District Court entered an order granting the government's motion to dismiss.(7:06cv609, Doc. 63). The matter is now pending on appeal with the Fourth Circuit. (07-6783).

## II. THE PETITION

In his pending petition before this Court, the petitioner asks that his sentence be commuted to time served because of his medical condition and the short duration left on his sentence. The petitioner contends also that a "half-way" house would not be of benefit. Finally, the petitioner requests that the court bar any attempt to move him as a move would expose him to more severe conditions and restrict his ability to get his medications.

## III. ANALYSIS

It would appear from the brief submitted by the petitioner, that his primary challenge is to the warden's denial of his requests for Compassionate Release. The petitioner notes that the court is empowered under 18 U.S.C. §3582(c)(1)(A) to grant Compassionate Release and prays that this court will order his release pursuant to that section.

While it is not clear that the petitioner has exhausted his administrative remedies, even if he has, he is not entitled to relief under 18 U.S.C. §3582(c)(10(a) which provides as follows:

**(c) Modification of an imposed term of imprisonment.**--The

2

> court may not modify a term of imprisonment once it has been imposed except that–
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (I) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

While the undersigned is sympathetic regarding the alleged illness of the petitioner, the fact remains that the Court has no jurisdiction to grant a compassionate release because the Director of the Bureau of Prisons has not made such a request. Thus, the petitioner is not entitled to any habeas relief regarding his quest for a compassionate release. See United States v. McCann, 2003 WL 2002776 (W.D. Va. 2003)(the court can not modify the defendant's sentence because of the illness of his daughter as the Director of the Bureau of Prisons had not made a motion for modification); see also, Engle v. United States, 26 Fed. Appx. 394, 2001 WL 1356205 (6th Cir. 2001)(unpublished)("A district court may not modify a defendant's federal sentence based on the defendant's ill health except upon a motion from the Director of the Bureau of Prisons").[1] Furthermore, the issue of actual innocence must be pursued through a § 2255 motion, as he is doing in the appeal to the Fourth Circuit from the denial of his motion to the district court that sentenced

---

[1] Pursuant to Fourth Circuit Local Rule 36(c), which disfavors citation of unpublished opinions, a copy of this unpublished opinion is attached.

him.

Finally, with respect to his request that this court prohibit his transfer to any other facility, the same is not an available remedy. 18 U.S.C. §3621(b) provides that "[the Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate..." Furthermore, the transfer of a convicted and sentenced inmate is within the sound discretion of the Bureau of Prisons. Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, this Court does not have the authority to prevent the petitioner's transfer to any correctional facility that the BOP deems appropriate.

### III. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DENIED**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* petitioner and to any counsel of record.

DATED: June 26, 2007

_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE