IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMUEL MORRIS OVERSTREET,**

    **Petitioner,**

v.                                      Civil Action No. 5:07cv59
                                         (Judge Stamp)

**WARDEN JOYCE FRANCIS, et al.,**

    **Respondent.**

## ORDER DENYING MOTION FOR COUNSEL
## AND FOR EVIDENTIARY HEARING

On May 8, 2007, *pro se* petitioner, Samuel Overstreet, filed a petition for habeas corpus pursuant to 28 U.S.C. §2241. On that same date, the petitioner moved for appointment of counsel and for an evidentiary hearing. In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. §1915(e)(1). It is well settled that in a civil action the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The petitioner has failed to demonstrate that his current circumstances require the appointment of counsel for him to pursue his habeas corpus petition. Thus, the Court finds that appointment of counsel is not necessary in order for the petitioner to adequately pursue his petition.

In addition, the undersigned has previously filed a Report and Recommendation in which I recommended that the petition be denied. Therefore, the petitioner's request for an evidentiary

hearing is moot.

Accordingly, the petitioner's motion for appointment of counsel and for an evidentiary hearing (Doc.2) is **DENIED**.

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* petitioner and any counsel of record.

DATED: October 16, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE