# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMUEL MORRIS OVERSTREET,**

    **Petitioner,**

    v.                       **CIVIL ACTION NO. 5:07cv59**
                                          **(Judge Stamp)**

**WARDEN JOYCE Francis, et al.,**

    **Respondent.**

## REPORT AND RECOMMENDATION ON PENDING MOTIONS

On June 26, 2007, the undersigned issued a Report and Recommending regarding the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 which challenges the denial of Compassionate Release on two different matters, medical and actual innocence. On July 10, 2007, the petitioner filed a "Motion to Request Rehearing and Amend 28 U.S.C. § 2241." On July 20, 2007, the petitioner filed a "Request to Amend with Following Material. Finally, on September 13, 2007, the petitioner filed a Motion to Expedite his Motion for Rehearing.

## I. SUMMARY

On June 20, 2005, in the United States District Court for the Western District of Virginia, the petitioner entered a guilty plea to Possession of an Unregistered Silencer or Muffler in violation of 26 U.S.C. §§ 5861(d), 5841, 5845(a)(7), 5861(d) and 5871 and Possession of a Firearm after having been committed to a Mental Institution in violation of 18 U.S.C. § 922(g)(4). On July 18, 2005, the petitioner was sentenced to sixty-three months on each count, the same to run concurrently with each other, followed by thirty-six months of supervised release. On August 15, 2005, he was designated to FCI Gilmer in Glenville, West Virginia. The petitioner filed an appeal with the Fourth Circuit Court of Appeals contending that the sentence was excessive and the district court clearly erred in making a two-level adjustment for obstruction of justice. After considering the issues raised by the petitioner,

the Fourth Circuit found no merit in them and on July 18, 2006, affirmed the conviction and sentence imposed by the district court.(No. 05-4767). On October 11, 2006, the petitioner filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel, faulty indictment, the guilty plea was not voluntary and knowing, the search warrant was illegal, the sentence was illegal, prosecutorial misconduct, and actual innocence. On May 17, 2007, the District Court entered an order granting the government's motion to dismiss.(7:06cv609, Doc. 63). The petitioner again appealed to the Fourth Circuit. On August 1, 2007, the Fourth Circuit Court of Appeals denied the petitioner a certificate of appealability and dismissed his appeal. (No. 07-6783).

In his original § 2241 petition, the petitioner asks that his sentence be commuted to time served because of his medical condition and the short duration left on his sentence. The petitioner contends also that a "half-way" house would not be of benefit. Finally, the petitioner requests that the court bar any attempt to move him as a move would expose him to more severe conditions and restrict his ability to get his medications.

As noted in the Report and Recommendation filed on June 26, 2007, the Court has no authority to grant compassionate release because the Director of the Bureau of Prisons has made no such request. Furthermore, the issue of actual innocence must be pursued through a § 2255 motion, before the sentencing court, which he did, and which has now been denied by both the District Court and the Fourth Circuit Court of Appeals. Finally, giving due deference to 18 U.S.C. §3621(b) and the holding in <u>Meachum v. Fano</u>, 427 U.S. 215 (1976), this Court does not have the authority to prevent the petitioner's transfer to any correctional facility that the BOP deems appropriate.

## II. DISCUSSION OF PENDING MOTIONS

### A. Motion to Request Rehearing and Amend 28 U.S.C. § 2241 Motion

In his motion filed July 9, 2007, the petitioner requests that this Court rehear his § 2241 petition pursuant and seeks to amend his petition to include claims pursuant to 18 U.S.C. § 3742(a) and Rule

35. Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Here, a review of the file shows that no responsive pleading has been served. Thus, the plaintiff's Motion may be granted as a matter of course. However, because the petitioner was sentenced in the United States District Court for the Western District of Virginia, this Court does not have jurisdiction to review his sentence under either provision. Therefore, the petitioner has established no basis for rehearing, and the material submitted by the petitioner doe not warrant a modification of the undersigned's original Report and Recommendation.

### B. **Motion to Amend with Following Material**

In this motion, filed July 20, 2007, the petitioner provides a copy of his medical records which he alleges shows that: (1) he did in fact have a quadruple bypass that has failed; (2) he did have a heart attack due to the conditions of his transit while being shipped to FCI Gilmer; (3) medical staff at FCI Gilmer have refused attempts by Roanoke Memorial Hospital to contact them; and (4) prison officials have refused his request to be provided with copies of all his medical records. In addition, the petitioner has set forth numerous allegations regarding retaliatory action taken by the staff at FCI Gilmer, including withholding his legal mail. He also alleges that staff is allowed to smoke on the compound and elsewhere which adversely affects his health. Additionally, the petitioner alleges that he is not being provided a special diet and meal plan in accord with his cardiologist's directives. Finally, the petitioner has attached one page of his trial transcript which he contends demonstrates that his sentence was unconstitutionally enhanced.

Inasmuch as the petitioner has already filed one amendment, he can only amend his petition by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Because, the material submitted by the petitioner does not warrant a modification

3

of the undersigned's original Report and Recommendation or raise issues not properly brought in a § 2241 petition, this Motion to Amend should be denied..

First, to the extent that the petitioner submits his medical records in support of his request for compassionate release, the Court still has no authority to grant compassionate release because the Director of the Bureau of Prisons has made no such request. Second, even if the transcript demonstrates that his sentence was unconstitutionally enhanced, he must direct that issue to the sentencing court. Finally, to the extent that the information submitted by the petitioner challenges the conditions of his confinement the same are not properly raised in a § 2241 petition. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue these addition claims, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.

**C. Motion to Expedite Motion for Rehearing**

In this motion, filed September 13, 2007, the petitioner requests that the Court expedite his original Motion for Rehearing. Inasmuch as the petitioner has established no basis for rehearing, his motion to expedite rehearing is moot.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's Motion (Doc. 14) be **GRANTED** to the extent it seeks to amend his petition and be **DENIED** to the extent it seeks rehearing; the petitioner's second Motion to Amend (Doc. 15) be **DENIED**; and the petitioner's

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

Motion (Doc. 18) be **DENIED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: January 2, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE