IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SAMUEL MORRIS OVERSTREET,

    Petitioner,

v.                                      Civil Action No. 5:07CV59
                                                   (STAMP)

WARDEN JOYCE FRANCIS and
TOM FIGIEL, Camp Administrator,

    Respondents.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING**
**REPORT AND RECOMMENDATION**

I.  Facts and Procedural History

Samuel Morris Overstreet, a pro se[1] petitioner, filed a petition on May 8, 2007 seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. The petitioner is currently serving two concurrent sentences of sixty-three months of imprisonment and challenges the denial by the Bureau of Prisons ("BOP") of the petitioner's request for compassionate release. Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to United States Magistrate Judge James E. Seibert for report and recommended disposition.

On June 26, 2007, the magistrate judge issued a report recommending that the petitioner's § 2241 petition be denied because this Court lacks jurisdiction to order compassionate

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

release without a motion by the Bureau of Prisons requesting such an order. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

Rather than filing objections, the petitioner filed a motion on July 10, 2007, requesting what he terms "a rehearing" and requesting leave to amend his § 2241 petition. On July 20, 2007, the petitioner filed a second motion to amend, and on September 13, 2007, he filed a motion to expedite review of his motion for "a rehearing."

The magistrate judge issued a second report on January 8, 2008, recommending that the petitioner's motion for "rehearing" and for leave to amend be granted to the extent that the motion seeks to amend his petition and denied to the extent that it seeks a rehearing. The second report also recommended that the petitioner's second motion to amend be denied and that the motion to expedite be denied as moot. Again, the magistrate judge advised the parties that any objections must be filed in writing within ten days after being served with a copy of the magistrate judge's recommendation.

The petitioner then filed a motion for extension of time in which to file objections. This Court granted the petitioner's motion to extend the deadline for filing objections to March 3,

2008. No objections were filed. This matter is now ripe for review. For the reasons set forth below, this Court finds that both of the magistrate judge's reports and recommendations should be affirmed and adopted in their entirety.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

The petitioner filed his § 2241 petition on May 8, 2007. In his petition, he argues that his prison sentence should be commuted to time served because of his medical conditions and because of actual innocence. In short, the petitioner challenges the warden's denial of the petitioner's requests for compassionate release and seeks an order by this Court granting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As the magistrate judge

observed, nothing in the record indicates whether the petitioner has exhausted his administrative remedies. Even assuming, arguendo, that he meets the exhaustion requirement, the petitioner is not entitled to the relief he seeks because this Court lacks jurisdiction to grant compassionate release unless the Director of the Bureau of Prisons files a motion requesting such a grant.

Title 18, United States Code, Section 3582(c)(1)(A) authorizes a court to modify an imposed term of imprisonment under certain circumstances. Section 3582 provides, in relevant part, that

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Thus, in addition to the presence of extraordinary and compelling circumstances, which the petitioner alleges exist in his case, a motion to reduce the petitioner's sentence must be filed by the BOP. In this case, the BOP has not filed such a motion. Accordingly, this Court need not consider whether the petitioner has set forth extraordinary and compelling circumstances warranting a reduction in his sentence because in the absence of a motion by the BOP, this Court lacks authority to grant a compassionate release on the basis of the petitioner's asserted medical conditions.

Furthermore, to the extent that the petitioner seeks an order commuting his sentence to time served because of actual innocence, this Court lacks jurisdiction to adjudicate his claim because the issue of actual innocence must be pursued through a petition filed pursuant to 28 U.S.C. § 2255.[2] Therefore, this Court finds the petitioner's request for compassionate release must be denied.

Finally, the petitioner requests an order prohibiting the BOP from transferring him to another correctional facility. As the magistrate judge correctly observed, the BOP has full discretion pursuant to 18 U.S.C. § 3621(b) to determine the location of a prisoner's incarceration. 18 U.S.C. § 3621(b) ("The Bureau of

---

[2]The petitioner has already filed a § 2255 petition to vacate, set aside or correct his sentence. That petition alleges, among other things, actual innocence, and, has been denied by the district court, and the United States Court of Appeals for the Fourth Circuit.

Prisons shall designate the place of the prisoner's imprisonment."). This authority includes the discretion to transfer a convicted and sentenced inmate. Meachum v. Fano, 427 U.S. 215 (1976). Consequently, this Court lacks the power to bar the BOP from transferring the petitioner to another correctional facility.

This Court finds that the magistrate judge's June 26, 2007 report and recommendation contains no clear error and should be affirmed and adopted in its entirety.

Turning to the three motions the petitioner filed after the magistrate judge issued the June 26, 2007 report and recommendation, this Court reviews for clear error the magistrate judge's second report and recommendation, issued on January 2, 2008. The first motion was a combined request for a "rehearing" on the petitioner's § 2241 petition and for leave to amend his petition add claims pursuant to 18 U.S.C. § 3742(a) and Federal Rule of Criminal Procedure 35. Federal Rule of Civil Procedure 15(a) permits a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). Because no responsive pleading has been served in this case, the petitioner's amended pleading, as attached to his motion to amend, is deemed filed. However, the record indicates that the sentencing court in the petitioner's case is the United States District Court for the Western District of

Virginia. Consequently, this Court lacks jurisdiction to review the petitioner's sentence under either 18 U.S.C. § 3742(a) or Federal Rule of Criminal Procedure 35. The petitioner has thus failed to establish a basis for a rehearing on the petition and the additional filings he has submitted do not warrant a modification of the June 26, 2007 report and recommendation. This Court finds that the magistrate judge's findings concerning the petitioner's "Motion to Request Rehearing and Amend 28 U.S.C. § 2241" are not clearly erroneous and, therefore, should be affirmed.

The second motion filed by the petitioner after the issuance of the June 26, 2007 report and recommendation seeks to amend his petition to present additional information concerning his medical condition. However, the additional evidence the petitioner has submitted does not alter the jurisdictional limitations of this Court and, therefore, need not be considered. Accordingly, this Court agrees with the magistrate judge's recommendation that the petitioner's second motion to amend should be denied.

The petitioner's third motion to be filed after the magistrate judge's first report and recommendation was a motion to expedite the "Motion to Request Rehearing and Amend 28 U.S.C. § 2241." Because the petitioner has failed to establish a basis for a rehearing on the petition, the magistrate judge correctly found that the motion to expedite is moot.

7

IV. <u>Conclusion</u>

This Court finds that the magistrate judge's reports and recommendations of June 26, 2007 and January 2, 2008 are not clearly erroneous and hereby AFFIRMS and ADOPTS both reports and recommendations of the magistrate judge in their entirety. Accordingly, the petitioner's 28 U.S.C. § 2241 petition is DENIED. Further, the petitioner's Motion to Request Rehearing and Amend 28 U.S.C. § 2241 is GRANTED IN PART and DENIED IN PART. Specifically, the Motion to Request Rehearing and Amend 28 U.S.C. § 2241 is GRANTED to the extent that it requests leave to amend the § 2241 petition, and it is DENIED to the extent that it requests a rehearing. Additionally, the petitioner's "Request to Amend with Following Material" is DENIED, and the petitioner's "Motion to Expedite Motion for Rehearing Docketed July 10, 2007 and Dated June 28, 2007" is DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record

herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 6, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE